## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSIE BADGER and EMILY GELLATLY, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| CROSSAMERICA PARTNERS, LP d/b/a CROSSAMERICA; CROSSAMERICA GP, LLC; CST BRANDS, INC.; LGP REALTY HOLDINGS LP; and LEHIGH GAS WHOLESALE SERVICES, INC., | ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 2:17-cv-01668-DSC

*Electronically Filed*

**ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendants, CrossAmerica Partners, LP d/b/a CrossAmerica, CrossAmerica GP, LLC, CST Brands, Inc., LGP Realty Holdings LP and Lehigh Gas Wholesale Services, Inc. ("CrossAmerica" or "Defendants"), answers Plaintiffs' Nationwide Class Action Complaint as follows[1]:

**RESPONSES TO INTRODUCTORY ALLEGATIONS**

1. Defendants admit that Plaintiffs purport to assert claims individually and on behalf of others concerning alleged violations of Title III of the Americans with Disabilities Act ("ADA") in connection with parking lots and paths of travel. Defendants deny that they have violated the ADA, deny that any class should be certified in this action, and deny that Plaintiffs are entitled to any relief based on any alleged claims in this action. Defendants deny all remaining allegations contained in Paragraph 1 of the Complaint.

---

[1] On or about July 2017, CST Brands, Inc.'s legal name was changed to CST Brands, LLC.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, on that basis, deny such allegations.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, on that basis, deny such allegations.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint concerning Plaintiffs' alleged patronage of Defendants' facilities and, on that basis, deny such allegations. Defendants deny all remaining allegations contained in Paragraph 4.

5. Defendants deny Plaintiffs' allegations in Paragraph 5 of the Complaint.

6. Defendants deny Plaintiffs' allegations in Paragraph 6 of the Complaint.

7. Defendants deny Plaintiffs' allegations in Paragraph 7 of the Complaint.

8. Plaintiffs' statements regarding the ADA, which speaks for itself, consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, these allegations are denied.

9. Defendants admit that Plaintiffs purport to seek permanent injunctive relief. Defendants deny that Plaintiffs are entitled to injunctive or any other relief, either on behalf of Plaintiffs or on behalf of any putative class. Defendants deny all remaining allegations contained in Paragraph 9 and its subparts.

10. Defendants admit that Plaintiffs purport to assert class claims under Federal Rule of Civil Procedure 23(b)(2). Defendants deny that a class action is proper in this case and deny all remaining allegations contained in Paragraph 10 of the Complaint.

## RESPONSES TO ALLEGATIONS CONCERNING
## THE ADA AND ITS IMPLEMENTING REGULATIONS

11. Plaintiffs' statements regarding the ADA, which speaks for itself, consist of legal conclusions that do not require a response by Defendants.  To the extent a response is deemed to be required, these allegations are denied.

12. Plaintiffs' statements regarding the ADA, which speaks for itself, consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, these allegations are denied.

13. Plaintiffs' statements regarding the ADA, which speaks for itself, consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, these allegations are denied.

14. Plaintiffs' statements regarding the ADA, which speaks for itself, consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, these allegations are denied.

15. Plaintiffs' allegations contained in Paragraph 15 of the Complaint and its subparts consist of legal conclusions that do not require a response by Defendants.  To the extent a response is deemed to be required, these allegations are denied.

16. Plaintiffs' allegations contained in Paragraph 16 of the Complaint consist of legal conclusions that do not require a response by Defendants.  To the extent a response is deemed to be required, these allegations are denied.

17. Plaintiffs' statements regarding the ADA, which speaks for itself, consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, these allegations are denied.

## RESPONSES TO ALLEGATIONS
## CONCERNING JURISDICTION AND VENUE

18.     The allegations contained in Paragraph 18 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, these allegations are admitted.

19.     The allegations contained in Paragraph 19 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants admit that they maintain business locations within this judicial district. Defendants deny all remaining allegations contained in Paragraph 19.

20.     The allegations contained in Paragraph 20 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny Plaintiffs' allegations that the purported events and omissions set forth in the Complaint occurred as alleged by Plaintiffs.

## RESPONSE TO ALLEGATIONS CONCERNING PARTIES

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, on that basis, deny such allegations. Plaintiffs' statements regarding the ADA, which speaks for itself, consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, these allegations are denied.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, on that basis, deny such allegations. Plaintiffs' statements regarding the ADA, which speaks for itself, consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, these allegations are denied.

23.     Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint, but note that the correct legal name for the entity is CST Brands, LLC.

26. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28. The allegations contained in Paragraph 28 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, these allegations are denied.

## RESPONSE TO FACTUAL ALLEGATIONS

**I.   Response to Allegations that Plaintiffs Have Been Denied Full and Equal Access to Defendants' Facilities.**

29. The allegations contained in Paragraph 29 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, these allegations are denied.

30. The allegations contained in Paragraph 30 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, these allegations are denied.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, on that basis, deny such allegations.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, on that basis, deny such allegations.

33. Defendants deny Plaintiffs' allegations in Paragraph 33 of the Complaint.

34. Defendants deny Plaintiffs' allegations in Paragraph 34 of the Complaint.

35. Defendants deny Plaintiffs' allegations in Paragraph 35 of the Complaint.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, on that basis, deny such allegations.  Plaintiffs' statements consisting of legal conclusions do not require a response by Defendants.  To the extent a response is deemed to be required, these allegations are denied.

## II. Response to Allegations That Defendants Repeatedly Deny Individuals With Disabilities Full and Equal Access to Defendants' Facilities.

37. Admitted.

38. Defendants deny Plaintiffs' allegations in Paragraph 38 of the Complaint, including because the allegations regarding Defendants are vague and ambiguous.

39. The allegations contained in Paragraph 39 of the Complaint consist of legal conclusions that do not require a response by Defendants.  To the extent a response is deemed to be required, these allegations are denied.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and its subparts and, on that basis, deny such allegations.  Plaintiffs' allegations regarding purported violations of the ADA consist of legal conclusions that do not require a response by Defendants.  To the extent a response is deemed to be required, Defendants deny that they have violated the ADA in any manner.

41. Defendants deny Plaintiffs' allegations in Paragraph 41 of the Complaint.

42. Defendants deny Plaintiffs' allegations in Paragraph 42 of the Complaint.

43. Defendants deny Plaintiffs' allegations in Paragraph 43 of the Complaint.

44. Defendants deny Plaintiffs' allegations in Paragraph 44 of the Complaint, except that Defendants admit Plaintiffs purport to seek injunctive relief in this action.

## RESPONSE TO CLASS ALLEGATIONS

45. Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and a putative class. Defendants deny that class treatment of this matter is appropriate and deny all remaining allegations contained in Paragraph 45 of the Complaint.

46. The allegations contained in Paragraph 46 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny that Plaintiffs can satisfy any of the elements required for certification of a class under applicable law.

47. The allegations contained in Paragraph 47 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny that Plaintiffs can satisfy any of the elements required for certification of a class under applicable law.

48. The allegations contained in Paragraph 48 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny that Plaintiffs can satisfy any of the elements required for certification of a class under applicable law.

49. The allegations contained in Paragraph 49 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny that Plaintiffs can satisfy any of the elements required for certification of a class under applicable law.

50. The allegations contained in Paragraph 50 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny that Plaintiffs can satisfy any of the elements required for certification of a class under applicable law.

## RESPONSE TO ALLEGATIONS CONCERNING
## PURPORTED SUBSTANTIVE VIOLATION

51. In response to Paragraph 51 of the Complaint, Defendants incorporate their responses to the previous paragraphs of the Complaint.

52. Defendants admit that certain of their stores were altered, designed or constructed after certain of the various dates when different portions of the ADA became effective. Defendants deny all remaining allegations set forth in Paragraph 52 of the Complaint.

53. The allegations contained in Paragraph 53 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny that the alleged facilities are not accessible under applicable law.

54. The allegations contained in Paragraph 54 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny that the alleged facilities are not accessible under applicable law.

55. The allegations contained in Paragraph 55 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny that the alleged facilities are not accessible under applicable law.

56. The allegations contained in Paragraph 56 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny all of Plaintiffs' allegations.

57. The allegations contained in Paragraph 57 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny all of Plaintiffs' allegations.

58. The allegations contained in Paragraph 58 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny that they have violated the ADA in any manner.

59. The allegations contained in Paragraph 59 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny that they have violated the ADA in any manner.

60. The allegations contained in Paragraph 60 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny all of Plaintiffs' allegations.

61. The allegations contained in Paragraph 61 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny all of Plaintiffs' allegations.

62. The allegations contained in Paragraph 62 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny all of Plaintiffs' allegations.

63. The allegations contained in Paragraph 63 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny all of Plaintiffs' allegations.

64. The allegations contained in Paragraph 64 of the Complaint consist of legal conclusions that do not require a response by Defendants. To the extent a response is deemed to be required, Defendants deny all of Plaintiffs' allegations.

### RESPONSE TO ALLEGATIONS CONCERNING PRAYER FOR RELIEF

In response to Plaintiffs' Prayer for Relief, Defendants deny that Plaintiffs are entitled to any of the requested relief or any relief at all.

### DEFENSES

Subject to and without waiving or limiting any of the foregoing, Defendants allege the following defenses to Plaintiffs' Complaint and each and every alleged cause of action. Further,

Defendants reserve the right to assert additional defenses in the event that discovery or investigation reveals or indicates that they are applicable. By alleging these defenses, Defendants do not assume the burden of proving any fact, issue, or element of any claim for relief where such burden is properly imposed upon Plaintiffs.

### First Defense

The Complaint, and all purported claims for relief alleged in the Complaint, are barred by the doctrines of settlement, release, waiver, and estoppel. Plaintiffs have released all such claims against Defendants as part of the resolution of the suit they filed against Defendants' affiliate, Circle K Stores, Inc., at *Badger v. Circle K Stores, Inc.,* Case No. 16-cv-01185.

### Second Defense

Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted under the statutes cited or under any other law.

### Third Defense

Plaintiffs cannot meet the requirements of Rule 23(a)(1) of the Federal Rules of Civil Procedure because they cannot show that they represent a class sufficiently numerous to warrant class treatment.

### Fourth Defense

Plaintiffs cannot satisfy the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure for class representation because they cannot show that they will adequately represent and protect the interests of the putative class.

### Fifth Defense

Plaintiffs cannot meet the basic criteria of Rules 23(a)(2) and (3) of the Federal Rules of Civil Procedure as they cannot show that there are questions of law or fact common to the members of the putative class or that their claims are typical of the claims of the putative class.

### Sixth Defense

To the extent Plaintiffs seek to certify a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, Defendants contend that Plaintiffs cannot show that Defendants' policies or practices, actions or omissions, or series of actions or omissions have resulted in a refusal to act in regard to Plaintiffs and the putative class members on grounds that are generally applicable to all of them and, therefore, cannot provide that final injunctive relief with respect to the class as a whole is appropriate.

### Seventh Defense

Plaintiffs are not entitled to the injunctive relief sought against Defendants to the extent they have failed to join and/or serve necessary parties to the action to effect such relief.

### Eighth Defense

Defendants do not own, operate, lease, or lease to another party, each and every property that is referenced in the Complaint, or each and every portion of such property, that Plaintiffs challenge as inaccessible in this Complaint.

### Ninth Defense

Plaintiffs' claims are barred to the extent that, with respect to any particular architectural element of any "Defendants" store or facility that departs from accessibility guidelines, Defendants have provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

### Tenth Defense

Plaintiffs' prayers for injunctive relief are barred to the extent that the alleged violations are "de minimis" and non-actionable because they do not materially impair Plaintiffs' use of an

area for an intended purpose, or they were built and/or remain within construction industry tolerances.

### Eleventh Defense

Plaintiffs lack standing to challenge the barriers at locations they did not visit prior to the filing of the Complaint and/or to those to which they are unlikely to return.

### Twelfth Defense

Plaintiffs' claims are barred because there was no "alteration" within the meaning of the ADA that triggered an obligation to make the modifications that Plaintiffs seek and/or, to the extent there was "alteration," the modifications sought were either not triggered by the "alteration," or were triggered, but cost in excess of 20% of the overall cost of the entire "alteration."

### Thirteenth Defense

Plaintiffs' claim that any "Defendants" store was designed in violation of the ADA are barred to the extent that the facility, or a particular element or feature of the facility that has been put at issue, was designed and constructed prior to the effective date of the relevant portion of the ADA or its regulations.

### Fourteenth Defense

Plaintiffs' causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" because Plaintiffs engaged in conduct that proximately caused or contributed to any and all injuries Plaintiffs allegedly suffered.

### Fifteenth Defense

Defendants made good faith efforts to comply with the ADA, including providing appropriate alternate services.

### Sixteenth Defense

Plaintiffs' claims are barred by the doctrine of mootness insofar as the barriers alleged by Plaintiffs, if there were any, have been or will be remediated when this action is finally adjudicated.

### Seventeenth Defense

The Complaint, and all purported claims for relief alleged in the Complaint, are barred by the doctrine of unclean hands by reason of Plaintiffs' conduct and actions and their pattern and practice of visiting places of public accommodation without the intent of accessing goods and services and instead with the purpose of filing lawsuits, such as the current action.

### Eighteenth Defense

Plaintiffs' Complaint and all purported claims for relief are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes, regulations and/or design guidelines under which Plaintiffs have sued, including by the applicable edition of any applicable building code.

### Nineteenth Defense

Plaintiffs lack standing to assert the claims set forth in the Complaint. To the extent that they do have standing, which Defendants at all times deny, Plaintiffs lack standing to challenge any alleged barriers not specifically identified and set forth in the Complaint, and any alleged barriers for which they have failed to demonstrate the way in which each impaired their ability to access the specific premises, or impaired their alleged enjoyment of the same.

### Twentieth Defense

Plaintiffs' claims are barred to the extent that they failed to exhaust all statutory, administrative, and/or judicial remedies, and otherwise failed to request any adaptations,

modifications, alternative services, or other changes to the referenced premises prior to initiating this action.

### Twenty-First Defense

Plaintiffs failed to provide notice to Defendants of any alleged barriers to access in order to allow an opportunity to correct any such deficiencies and, therefore, Plaintiffs cannot support a claim for recovery of costs or attorneys' fees.

### Twenty-Second Defense

Plaintiffs have not been denied full and equal access to the benefits, accommodations, and services offered by the subject facility and/or facilities.

### Twenty-Third Defense

All allegations of Plaintiffs' Complaint not specifically admitted by Defendants are denied.

### Reservation of Defenses

Defendants reserve the right to amend their Answer and Affirmative Defenses to assert additional defenses and/or affirmative defenses based upon information obtained during pretrial discovery.

WHEREFORE, Defendants respectfully requests that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting to Defendants their costs and attorneys' fees; and granting to Defendants such other relief as the Court may deem just and proper.

Dated:  March 5, 2018                            Respectfully submitted,

                                                          **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

                                                          */s/ Jennifer G. Betts*
Jennifer G. Betts, Esq.
PA I.D. No. 209699
jenn.betts@ogletree.com
Cory E. Ridenour, Esq.
PA I.D. No. 311974
cory.ridenour@ogletree.com

One PPG Place, Suite 1900
Pittsburgh, PA 15222
412-246-0153 (telephone)
412-232-1799 (fax)
*Attorney for Defendants*

33198244.1